MICHAEL T. CARROLL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. November 13, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Evidence,* Declarations of deceased persons.

Before a declaration made by a person afterwards deceased can be admitted as evidence under R. L. c. 175, § 66, the ʳpresiding judge must find that the declaration was made in good faith, before the commencement of the action and upon the personal knowledge of the declarant, and the burden of establishing such facts is upon the party offering the evidence. In the present case, where the presiding judge excluded such evidence because he was not satisfied that the .declaration was made in good faith before the bringing of the action and on the personal knowledge of the declarant, it was *held,* that upon an examination of the record it could not be said that the presiding judge was not justified by the evidence in his conclusion.

TORT for personal injuries alleged to have been due to a street car of the defendant being negligently run into a wagon in which the plaintiff was driving. Writ dated September 27, 1906.

In the Superior Court the case was tried before *Brown*, J.

There was evidence tending to show that the accident happened on September 15, 1906, and that at the time the plaintiff saw one Sloane on a sidewalk but a few feet away; that Norman E. McPhail, Esquire, then recently admitted to the bar, was employed by the plaintiff to act as his attorney in the case, that he interviewed Sloane on September 26, 1906, which was the day before this action was brought, and that Sloane made to him a statement as of his own knowledge relating to the circumstances of the accident. Sloane died March 9, 1907, before the trial.

Mr. McPhail then testified as follows in reply to questions by the presiding judge: " Q. Well, did you tell him [Sloane] you were proposing to bring suit? A. He knew what I was there for, yes, sir. — Q. He knew he was giving testimony in relation to a prospective suit? A. Yes. — Q. Did he know that bringing suit depended on what he said? A. I couldn't say as to that."

The presiding judge then said to the plaintiff's counsel, " I don't think I shall let you have it," and the plaintiff's counsel replied, " Well, your Honor, I supposed statements made in good faith before the beginning of the suit would be admitted." The presiding judge then stated: " If they were made for the purpose of bringing a suit, I should not allow them. It is not, in the sense of the statute, before the bringing of the suit. They are part of the bringing of this suit. The suit was brought the next day after this interview."

The witness further stated that he told Sloane that he would testify in an action which was to be brought.

The bill of exceptions, after a recital of the foregoing facts and of an offer by the plaintiff as to what the statement of Sloane comprised, stated: " On the foregoing the presiding judge refused to permit the witness McPhail to testify as to the declaration or statement made to him by said Sloane, because he was not satisfied that they were made in good faith before the beginning of the suit and on the personal knowledge of the declarant within the meaning of the statutes."

The jury found for the defendant; and the plaintiff alleged exceptions.

*P. J. Donaghue*, for the plaintiff.

*R. M. Bowen*, for the defendant.

HAMMOND, J.   In order for the declaration of Sloane, the deceased, to become admissible, it was necessary for the presiding judge to find that the declaration was made in good faith, before the commencement of the action and upon the personal knowledge of the declarant.  R. L. c. 175, § 66.   The statement was excluded because the presiding judge was not satisfied that these conditions of the statute had been complied with.

We cannot say that the presiding judge in coming to this conclusion was not justified by the evidence.  He saw the witness McPhail, and may not have been satisfied that his statement, that the interview with Sloane took place before the commencement of the action, was exact, or he may not have been satisfied in view of all the evidence in the case that the statement of the deceased was made in good faith.  The burden was upon the party offering the evidence to satisfy the presiding judge that there had been compliance with the conditions of the statute.

*Exceptions overruled.*