BESSIE SLOTOFSKI, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex. March 25, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Preliminary inquiry by presiding judge. *Evidence,* Declarations of deceased persons. *Negligence,* Street railway.

Where a declaration of a deceased person is offered in evidence under R. L. c. 175, § 66, the presiding judge, while conducting a preliminary examination for the purpose of determining whether the declaration offered was made by the dec-

larant under the conditions required by the statute, may direct that the jury be retired out of hearing.

In an action for the suffering and death of the plaintiff's intestate caused by a fall from a street railway car operated by the defendant's servants, where it appears that the intestate by reason of his injuries suffered concussion and contusions of the brain and died within forty-eight hours after the accident, if the plaintiff offers in evidence declarations of the intestate as to the way in which the accident occurred, the presiding judge, in determining the preliminary question whether the statements offered in evidence were made by the declarant in good faith, properly may consider whether the intestate after his injuries was in such a mental state as to be capable of making the alleged statements, and if the judge declines to find that the statements were made at all, on the ground that he does not believe that a man whose brain had received such a concussion could or did make such statements, such preliminary decision is final and the alleged declarations must be excluded.

In an action by an administrator against a corporation operating a street railway for causing the suffering and death of the plaintiff's intestate, if the defendant's evidence is to the effect that the plaintiff's intestate was standing on the rear platform of an open car of the defendant, which was moving at the rate of eight or ten miles an hour on a straight track, when the intestate in some way fell off the car to the left, and that there was no chain in position, and if there is no evidence that the car was equipped with chains or that there was any requirement to use chains, the presiding judge properly may instruct the jury that, if they find upon the weight of the testimony that the plaintiff's intestate fell off the platform while the car was in motion, substantially as testified by the defendant's witnesses, there is no ground for recovery.

Two ACTIONS OF TORT, by the administratrix of the estate of Joseph Slotofski, respectively for causing the conscious suffering and the death of the plaintiff's intestate on May 23, 1906, when he was a passenger on an open street railway car of the defendant on Faulkner Street in Malden, by reason of the alleged negligence of the defendant and the gross negligence of the defendant's servants. Writ dated December 15, 1906.

In the Superior Court the cases were tried before *Fox*, J. The jury returned a verdict for the defendant in each of the cases; and the plaintiff alleged exceptions, raising the two questions which are stated in the opinion besides others which were not argued.

*E. Greenhood,* for the plaintiff.

*F. W. Fosdick,* for the defendant.

DE COURCY, J. The chief injuries received by the deceased were concussion and contusions of the brain, from which he died within forty-eight hours after the accident. He was insensible immediately after his fall and until after treatment by a physician in the drug store to which he was removed, was semi-conscious

the next day, and finally lapsed once more into insensibility. He was constantly complaining of pain in his head. A witness for the plaintiff who understood the language of the deceased, testified that he thought the man's conversation in the drug store after he regained consciousness was incoherent.

In the absence of the jury a son and a daughter of the deceased testified that certain declarations were made by him, which were in substance that the conductor started the car while he was alighting. The judge excluded this testimony and ruled that under R. L. c. 175, § 66, the court must find that the statements were made by the deceased before he could pass upon the question whether the statements, if made, were made in good faith; and he declined to find that they were made at all, on the ground that he did not believe that a man whose brain had been the recipient of such a concussion could or did make such statements. The plaintiff excepted to the ruling and to this exclusion of evidence.

The competency of witnesses and the admissibility of evidence that is offered is for the judge to determine. When, in order to pass upon the admissibility in law of a given piece of evidence, it becomes necessary to determine a preliminary question of fact, this also the judge necessarily must determine before he admits the evidence to the jury. During this proceeding he may direct that the jury be retired out of hearing, as was done in this case, and may hear evidence on both sides to ascertain the incidental fact. So far as his decision is of a question of fact merely, it is ordinarily conclusive unless it appears that the evidence was not sufficient to warrant the finding on which the court proceeded. *Commonwealth* v. *Robinson,* 146 Mass. 571. *Dexter* v. *Thayer,* 189 Mass. 114. Wigmore on Evidence, § 2550. 8 Ann. Cas. 539, note. The practice in this Commonwealth on certain issues in criminal cases such as confessions and dying declarations is to allow the accused to reargue to the jury the preliminary question of fact where the evidence is let in against his objection. *Commonwealth* v. *Reagan,* 175 Mass. 335. *Commonwealth* v. *Tucker,* 189 Mass. 457. But even in these exceptional cases, if the evidence is excluded, that is an end of the matter unless some question of law is reserved. As was said by Holmes, J., in *Commonwealth* v. *Bishop,* 165 Mass. 148, "the whole purpose of the preliminary action of the judge would be lost if in all cases the

evidence had to be laid before the jury so as to give them the last word."

Under the statute in question, it is a condition precedent to the admissibility of the declarations of a deceased person that the presiding judge shall determine, as a preliminary finding, that the declaration was made in good faith before the commencement of the action and upon the personal knowledge of the declarant. R. L. c. 175, § 66. *Dickinson* v. *Boston*, 188 Mass. 595, 597. *Glidden* v. *United States Fidelity & Guaranty Co.* 198 Mass. 109. *Carroll* v. *Boston Elevated Railway*, 210 Mass. 500. Where the form of the statement made by the deceased leaves it doubtful whether it was a statement of fact or of opinion, it is for the court to decide in which sense it was made. *Stone* v. *Commonwealth*, 181 Mass. 438. *George* v. *George*, 186 Mass. 75. *Gray* v. *Kelley*, 190 Mass. 184. Where, as in the case at bar, the judge cannot find the existence of the alleged declaration, it is difficult to conceive how he can find good faith and the other requisites plainly required by the statute. And we cannot say that he was not justified by the evidence in coming to the conclusion that the deceased was in such a mental state, in consequence of his injuries, as to be unable to make the alleged statements. The plaintiff's exceptions relating to the preliminary inquiry must be overruled.

The only other exception argued by the plaintiff is that to the following sentence in the judge's charge: "So if you find upon the weight of the testimony in this case that this old gentleman did fall off the platform while the car was in motion, and as in substance as the testimony is on the defendant's side, then there is no ground for a recovery in this case." This exception also must be overruled.

The only evidence set out in the exceptions as introduced on the defendant's side is that the deceased was standing on the rear platform from Sullivan Square to the place of the accident, that the car was going at the rate of seven or eight miles an hour, that the deceased in some way fell off the car to the left, and that there was no chain in position. No breach of duty on the defendant's part appears in this. The evidence does not disclose that the car was equipped with chains or show anything that compelled the defendant to use them. *Byron* v. *Lynn & Boston Railroad*, 177 Mass. 303. *Dolphin* v. *Worcester Consolidated Street Railway*, 189 Mass.

270. The car was not passing over a curve, as in *Spooner* v. *Old Colony Street Railway*, 190 Mass. 132, nor prematurely started as in *Gordon* v. *West End Street Railway*, 175 Mass. 181, both cited by the plaintiff. The judge had ruled, without objection on the part of the plaintiff, that there was no evidence of any negligence of the defendant with reference to the condition of the track or state of repair of the car, or the unfitness of its servants, or of gross negligence on the part of the motorman. The evidence did not disclose any jolt or lurch, nor a negligent starting or stopping of the car, nor any failure of duty by the conductor. *Olund* v. *Worcester Consolidated Street Railway*, 206 Mass. 544.

Although the exceptions that were not argued may be considered as waived, it may be added that we find no error therein.

*Exceptions overruled.*