LILLIAN A. AMES *vs.* NEW YORK, NEW HAVEN, & HARTFORD RAILROAD COMPANY.

Suffolk.     March 26, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence,* Declarations of deceased persons. *Railroad. Practice, Civil,* Exceptions.

Where a judge presiding at a trial found that certain declarations of a deceased person, offered in evidence under R. L. c. 175, § 66, were made of the declarant's own knowledge, and admitted the declarations in evidence, and where the evidence did not warrant such a finding, the ruling admitting the evidence is subject to an exception, and an exception thereto must be sustained.

At the trial of an action of tort against a railroad company for damages resulting from a fire caused by sparks communicated by a locomotive engine of the defendant, the plaintiff offered in evidence the deposition of the widow of an assistant station agent of the defendant, who at the time of the fire had been employed at a station in plain view of the property destroyed and four hundred and ninety feet from it, in which the witness stated that her husband had died and that she had heard him state a few days after the fire that sparks from a locomotive of the defendant had caused the fire. The record contained no evidence that at the time of the fire or immediately preceding it the witness's husband was at the station or at any place from which he could see at the same moment both the locomotive and the buildings which burned, nor was there any evidence that he saw sparks fly from the locomotive to the buildings and that, following such flight, he saw fire in, upon or near the buildings. The judge found that the declaration was made in good faith and of the declarant's own knowledge and admitted the evidence. *Held,* that an exception to the admission of the evidence must be sustained, because there was no evidence warranting the judge's finding that the declaration was made by the deceased person of his own knowledge.

TORT for damages caused by fire communicated by sparks from a locomotive engine of the defendant. Writ dated June 21, 1902.

In the Superior Court the case was tried before *Hitchcock, J.* The material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $1,100; and the defendant alleged exceptions.

*Joseph Wentworth,* for the defendant.

*E. N. Hill & F. G. Bauer,* for the plaintiff.

PIERCE, J. To establish the proposition that her buildings were destroyed by fire communicated by the locomotive engines of the defendant, the plaintiff offered in evidence the deposition of Mrs. Eugenia M. Moore (who was deceased at the time of the trial) wherein she testified that shortly after the fire and before the commencement of this action her husband who afterwards had died made certain declarations relative to its origin. These declarations were made on the Sunday following the fire, to the plaintiff and her husband, at the house of the declarant.

The deponent testified: "He said sparks from the engine, or locomotive, whatever you call it, had set the carriage house on fire, but he would not like to be called as a witness because he was in the employ of the railroad and he would not care to lose his job." Moore was then in the employ of the defendant as an assistant station agent, at the Spring Street station, which was located on the line of the railroad, was in plain view of the property destroyed, and distant four hundred and ninety feet therefrom. There is no testimony in the deposition, or otherwise reported, which states how the subject matter of the origin of the fire was introduced, although it reasonably may be inferred that the owner came in search of information and that the declaration was made in answer to questions.

There is no evidence that at the time of the fire or immediately preceding it Moore was at the station or at any place from which he could see at the same moment both locomotives and buildings. There was no evidence that he in fact saw sparks fly from a locomotive to the buildings and that following such flight he saw fire in, upon or near to the buildings.

The defendant seasonably excepted to the reading of the deposition, and especially to the declaration of Moore on the ground that it does not sufficiently appear that it was of his personal

knowledge. The plaintiff argues that as the judge has found that the declaration was made in good faith and of the man's own knowledge, this is the sole test of admissibility under R. L. c. 175, § 66, and no exception lies to his ruling. "But we are of opinion that the admission or rejection of evidence does not rest in the mere discretion of the judge who tries the case, but upon rules and principles of law, framed and adapted to promote justice between parties in difference; and that where a judge errs in the admission of testimony not admissible by the rules of law, or rejects testimony which ought to have been admitted, such error is ground of exception, though he himself, and not the jury, may be called upon in the first instance to weigh the evidence. The judge is to consider the preliminary evidence, and he is of course to decide whether it is credible or not; and his decision as to its credibility, like that of a jury, is conclusive. But in his decision as to its admission, he must be governed by the rules of law." *Foster* v. *Mackay,* 7 Met. 531, 537. "His decision is conclusive, unless he saves the question for revision by the full court, on a report of the evidence, or counsel bring up the question in a bill of exceptions which contains a statement of the evidence." *Gorton* v. *Hadsell,* 9 Cush. 508, 511. *Commonwealth* v. *Robinson,* 146 Mass. 571. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318, 320.

All the evidence before the judge upon which he made his decision was contained in the deposition and is before us. It is clear that it does not establish that Moore made the declaration upon his personal knowledge. It was therefore inadmissible.

*Exceptions sustained.*