CATHERINE HASEY *vs.* CITY OF BOSTON.

Suffolk. October 19, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Evidence*, Declarations of deceased persons.

The preliminary decision of a presiding judge admitting in evidence a statement of a deceased person offered under R. L. c. 175, § 66, is not conclusive and, where all the evidence material to the question of the admission of the statement is contained in a bill of exceptions, the action of the judge may be reviewed by this court and can be held to be wrong because unsupported by any evidence.

In an action against a city under R. L. c. 51, § 18, for personal injuries sustained by reason of an alleged defect in a sidewalk consisting of bricks protruding two inches above the surrounding surface, where the defendant had introduced evidence that the sidewalk was in good condition and that the plaintiff slipped and fell by reason of fallen leaves collected on the sidewalk, the judge, against the plaintiff's exception, admitted under R. L. c. 175, § 66, a statement of a deceased police officer made before the commencement of the action and taken down by shorthand, in which he said that "the leaves had fallen all over the sidewalks, and, as I understand it, she slipped on those leaves. . . . I did not hear of the accident until after the notice came. This is a brick sidewalk and the bricks are all in very good condition." The judge did not hear the shorthand notes read, nor did he have any preliminary hearing, nor make any inquiry into the statement or the manner of obtaining it, except to be told that the witness was dead and that the statement was made before suit, that the declarant was one of the police force and "was the day man on this route." *Held*, that the admission of the statement was erroneous because it could not have been found to have been made "upon the personal knowledge of the declarant," and the declarant, if living, would not have been allowed to testify that he "understood" that the plaintiff slipped on the leaves or to express his opinion that the bricks were "in very good condition."

TORT under R. L. c. 51, § 18, for personal injuries alleged to have been sustained by the plaintiff on October 13, 1914, at about 8 : 30 A. M. from tripping and falling over some bricks protruding from the sidewalk of Moreland Street near or opposite Perrin Street in the part of Boston called Roxbury. Writ dated May 26, 1916.

In the Superior Court the case was tried before *White*, J. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the admission of certain evidence as the declaration of a deceased person under R. L. c. 175, § 66, as described in the opinion.

*J. L. Sheehan,* (*F. W. Miller, Jr.*, with him,) for the plaintiff.
*W. P. Higgins,* for the defendant, submitted a brief.

Pierce, J. This is an action of tort to recover damages for injuries received by the plaintiff on October 13, 1914, from a fall to the sidewalk while walking on Moreland Street in the city of Boston.

The testimony of the plaintiff and of her witness tended to prove that she tripped, stumbled and fell over three or four bricks projecting "about two inches" above the surrounding surface of the sidewalk in the middle of the sidewalk. The testimony of the witnesses called by the defendant tended to prove that the sidewalk was in good condition, was without defect, that leaves were on the sidewalk, and that the plaintiff fell because she slipped upon the leaves and not because she tripped and stumbled over projecting bricks or other defects in the way.

In support of the defendant's position as to the cause of the fall, the defendant, subject to the exception of the plaintiff, offered in evidence, and the presiding judge submitted to the jury, a statement of a deceased police officer which was made before the commencement of the action and was taken in shorthand, which statement, as read to the jury from the shorthand notes, is as follows: "Patrolman Michael A. Hunt, day man on this division, says this accident occurred when we were having a warm spell, and the leaves had fallen all over the sidewalks, and, as I understand it, she slipped on those leaves. The leaves were very slippery. I did not hear of the accident until after the notice came. This is a brick sidewalk and the bricks are all in very good condition. There were more or less leaves all over the sidewalk. The nurse in the Hart Hospital told me that this — "

The decision of the judge is not conclusive and is reviewable as all the evidence material to the issue and question raised is contained in the bill of exceptions. *Ames* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 304.

It is stated in the bill of exceptions, and must therefore be taken to be the fact, that "Before allowing the witness to testify or read from her shorthand notes, the judge did not hear the shorthand notes read, nor did he have any preliminary hearing, nor make any inquiry into the statement or the manner of obtaining it, except to be told that the witness was dead, and that the statement was made before suit;" that the declarant "was one of the police force" and "was the day man on this route." In requiring the pre-

liminary decision of the presiding judge that the declaration of the deceased person was made in good faith before the commencement of the action and upon the personal knowledge of the declarant, the purpose of the statute, R. L. c. 175, § 66, was plainly to safeguard against the natural weakness of hearsay testimony, as also to make futile the temptation to attempt to introduce manufactured testimony and testimony which would not be competent were the declarant living at the trial. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318. *Whitcomb* v. *Whitcomb,* 217 Mass. 558, 564. *Little* v. *Massachusetts Northeastern Street Railway,* 223 Mass. 501, 504. It is equally plain that the requirements of a preliminary decision upon the issues to be determined in the first instance by the presiding judge are not and cannot rationally be satisfied by the mere perfunctory determination of the preliminary issues of fact without knowledge of the substance at least of the proffered declaration. The admitted facts distinguish the case at bar from cases where the record is silent as to the procedure and adjudication of fact at the preliminary hearing, as also from cases where the excepting party has lost his right by failing to ask for appropriate rulings. In the case at bar it would not have been competent for the declarant if living to have testified that he "understood" the plaintiff slipped on the leaves or that the bricks were in very good condition. The first statement was not of his own knowledge, and the second was no more than an opinion upon an issue of fact which the jury were required to determine upon a consideration of all the pertinent testimony.

It is plain that the declaration was admitted as evidence without the preliminary hearing and decision required by the statute.

*Exceptions sustained.*