Morgan J. McSweeney, administrator, vs. Edison Electric
Illuminating Company.

Suffolk.   October 17, 1917. — December 4, 1917.

Present: Rugg, C. J., Braley, Pierce, & Carroll, JJ.

*Evidence*, Declarations of deceased persons.

At a trial where a declaration of a deceased person is offered in evidence under
R. L. c. 175, § 66, it is right for the presiding judge to refuse to leave to the jury
the preliminary questions determining whether the evidence is to be received,
the statute making it the duty of the judge to decide those questions, leaving
to the jury, if the evidence is admitted, its credibility and the weight to be
attached to it.

Tort by the administrator of the estate of Archie L. King, late
of Danvers, for causing the conscious suffering and death of the
plaintiff's intestate on October 18, 1914, by knocking him down
with a motor car alleged to have been operated negligently by a
servant of the defendant.   Writ dated May 7, 1915.

In the Superior Court the case was tried before *Hitchcock*, J.
In the course of the trial certain declarations of the intestate in
regard to the way in which the accident happened were offered in
evidence and were admitted by the judge.   The defendant asked
the judge to make the ruling which is quoted in the opinion.   The
judge refused to make the ruling requested and instructed the
jury that from the fact that the evidence had been received they
might understand that the judge had decided that the statements
were made in good faith and before the action was commenced and
that they were made upon the personal knowledge of the declar-
ant.   He called the attention of the jury to the fact that the state-
ments were not made under oath or subject to cross-examination
and told them that it did not follow because the evidence was ad-
mitted that it had to be believed and that it was for them to give
the evidence such weight as they thought it entitled to have.

The jury returned a verdict for the plaintiff and assessed the
damages in the sum of $750 for conscious suffering and in the sum

of $2,500 for causing death. The defendant alleged exceptions to the judge's refusal to make the ruling requested by it.

The case was submitted on briefs.

*E. C. Stone,* for the defendant.

*M. J. McSweeney, W. H. McSweeney & F. H. Caskin, Jr.,* for the plaintiff.

CARROLL, J. This is an action to recover damages for the conscious suffering and death of the plaintiff's intestate, Archie L. King. At the trial witnesses testified to certain declarations made by him. The jury found for the plaintiff.

The defendant requested the presiding judge to rule: "Before the jury is justified in receiving any declaration or statement which King is said to have made, it must be satisfied that (1) King made the statement testified to by the witness who appears in court; (2) King made the statement to the witness in good faith; and (3) King himself knew of his own knowledge what the witness testified that King said."

Under R. L. c. 175, § 66, the admissibility of a declaration of a deceased person is for the presiding judge to pass upon. The language of the statute being "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." The preliminary question, whether the evidence is to be received or rejected, must be decided by the presiding judge in the first instance. The reception of the evidence is for him; its credibility is for the jury. As we construe the ruling requested by the defendant it called upon the judge to say to the jury that the admissibility or reception of the evidence was a matter for their decision. For this reason the requests properly were refused.

When the declaration of a deceased person is offered in evidence the judge passes on the preliminary question: he decides whether it is admissible or not. If satisfied that the conditions of the statute were complied with, it is his duty to admit it; if not so satisfied, it is his duty to exclude it; and his conclusions of fact are not reviewable unless clearly wrong. *Dixon* v. *New England Railroad,* 179 Mass. 242, 246. *Flynn* v. *Coolidge,* 188 Mass. 214. *Dickinson* v. *Boston,* 188 Mass. 595. *Glidden* v. *United States Fidelity & Guaranty Co.* 198 Mass. 109, 114. *Carroll* v. *Boston*

*Elevated Railway,* 210 Mass. 500. *Johnson* v. *Foster,* 221 Mass. 248.

A discretionary method of procedure which may be followed in passing upon the preliminary question is pointed out in *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318, 320.

*Exceptions overruled.*