JOHN D. W. BODFISH, executor, *vs.* GEORGE N. CROSS & others.

Barnstable.   March 3, 1920. — April 2, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Declaration by deceased person.   *Practice, Civil*, Preliminary examination by judge as to evidence of declaration by deceased person.

At the trial of issues relating to whether a will was executed by a testator of sound mind or was procured to be executed by undue influence, evidence was offered by the appellant of a declaration by a deceased person of a statement made to him by the testator, which declaration would have been admissible in evidence under R. L. c. 175, § 66, if the judge had found that it was made in good faith and upon the personal knowledge of the declarant.   At the preliminary hearing by the judge, required by the statute, no evidence was produced although the judge suggested that it should be, and the judge, while stating that he was willing to assume that the deceased person made the declaration, also stated, "Beyond that I am not satisfied," and excluded the evidence subject to an exception by the appellant.   *Held*, that, because the judge did not find that the statement of the deceased person was made in good faith, and his action could not be said to be unjustifiable, the exception must be overruled.

APPEAL from a decree of the Probate Court for the county of Barnstable allowing the will of William P. Cross, late of Sandwich, with two codicils.

Issues relating to the execution of the instruments, to the soundness of mind of the testator when he executed them, and to whether their execution was procured by undue influence of Semira D. Ellis, his wife Lelia M. Ellis, and John D. W. Bodfish, or any of them, were framed in the Supreme Judicial Court and were sent to the Superior Court for trial by jury. There was a trial before *Raymond,* J., when the issues as to the soundness of mind of the testator and as to whether the execution of the instruments was procured by undue influence were answered unfavorably to the appellee, and, on his motion, the findings of the jury were set aside and a new trial was ordered.

The second trial was before *Cox,* J. A single exception was saved by the appellants and is described in the opinion. Material portions of the colloquy between the trial judge and counsel for the appellants relating to the ruling excluding the evidence described in the opinion were as follows:

The appellants' counsel: "The respondents offer to show by the witness, a declaration made to her, made by her deceased brother, that William P. Cross, the testator, told her brother to tell sister 'I would like to come and see her, but the Ellises will not let me.'"

The judge: "I am excluding this on the ground that I am not satisfied that it is made of the personal knowledge of the declarant."

The appellants' counsel: "Your Honor excluded it on the ground that it is not made personal knowledge in the first or second degree, so to speak? "

The judge: ". . . I should be satisfied that the brother said this to her, of course. . . . I will assume that, that her brother made the statement."

The appellants' counsel: "And you exclude it?"

The judge: "Yes."

The appellants' counsel: "Does that cover the ground?"

The judge: "It covers it as far as I am inclined to go, unless you satisfy me of something else."

The appellants' counsel: "Whether your Honor would say that you are satisfied of the truth of the statement of the brother?"

The judge: "No; you have gone that far. I told you that I didn't feel that I ought to — that I would not admit the evidence as it stood, and you made your offer of proof. I go so far as to say

now that I am willing to assume and will assume that she will testify, and I will find, that her brother made this statement. Beyond that I am not satisfied."

The appellants' counsel: "I don't think that quite reserves—"

The judge: "Then you have got to put the questions. There has got to be some evidence. I have gone beyond the evidence now. I am assuming a good deal, for the purpose of saving your rights."

The appellants' counsel: "I had the impression that the matter of the truth of the declaration goes to the question in this case, would go to the question as to whether your Honor was satisfied that Cross made the declaration to the brother."

The judge: "That is the only thing you claim; you claim that if he made that declaration in good faith, that is all you need, don't you?"

The appellants' counsel: "Yes."

The judge: "I am willing to admit that he made that declaration."

The appellants' counsel: "As to whether you are satisfied as to the truth of the declaration, that is, that Cross made the declaration?"

The judge: "How can I do that, when there has been no opportunity, no testimony upon the point?"

The appellants' counsel: "I am offering to show that, your Honor."

The judge: "You are offering to show a statement. Now, the circumstances under which the statements were given do not appear. Counsel on the other side has the right to cross-examine upon that; I have a right to ask questions on that, and I intimated that to you, that I wasn't satisfied as it then stood. You thereupon make your offer of proof. I take it as offered. If you want to ask her questions, go ahead, but I can't assume things too much."

The appellants' counsel: "Very well, I will leave it as it is."

The jury answered the issues favorably to the appellee; and the appellants alleged exceptions.

*A. F. Barker*, for the appellants.

*W. Welsh*, for the appellee.

JENNEY, J. The only question is, whether there was error in the exclusion of declarations made by a deceased person and offered in evidence under R. L. c. 175, § 66.

During the trial of issues involving the soundness of mind of the alleged testator, and undue influence alleged to have been exercised upon him by Semira D. Ellis, Lelia M. Ellis, and John D. W. Bodfish in procuring the execution of a will and codicils, Harriet A. Fish was examined concerning a statement, which, it was contended, had been made to her by her brother, Roland J. Green, who had died in the lifetime of the testator. An offer of proof was made that the brother had said to the witness that the testator had asked him to tell her that he would like "to come and see her, but the Ellises will not let" him.

If the brother had been living and had been a witness, his evidence to that effect clearly would have been admissible, the statement having been made within the period to which testimony had been limited by the judge. There had been introduced evidence of impaired mental condition and undue influence by Semira D. Ellis and Lelia M. Ellis, sufficient to furnish a basis for the admission of the statement.

The statute requires a preliminary finding by the court, that the declaration offered "was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

The presiding judge, who excluded the evidence, found, at the preliminary hearing required by the statute, that the deceased brother made the statement to the witness, and said: "Beyond that I am not satisfied." He did not find that the statement was made in good faith. On the record, this action cannot be said to be unjustifiable, and therefore it is not reviewable. *McSweeney* v. *Edison Electric Illuminating Co.* 228 Mass. 563. In the absence of such finding, the evidence was properly excluded. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318.

*Exceptions overruled.*