BERTHA I. CUMMINGS *vs.* ANNIE C. MOORE & another.

Bristol.    October 23, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Evidence*, Declaration of deceased person. *Practice, Civil*, Exceptions: what questions open.

An exception to the exclusion of evidence offered to show a declaration of a deceased person under G. L. (Ter. Ed.) c. 233, § 65, was overruled where the record showed merely that, after a preliminary hearing, the judge excluded the evidence without stating his reasons.

TORT. Writ in the Superior Court dated October 15, 1935.

There was a finding for the defendant by *Hurley*, J.

*M. H. T. McGregor*, (*J. M. McGregor* with her,) for the plaintiff.

No argument nor brief for the defendant.

QUA, J. The declaration is in two counts. The first count is for conversion of various household articles. The second count alleges that, on or about October 4, 1935, the defendants unlawfully entered the plaintiff's apartment in Taunton, removed her household goods and placed them in a storehouse, and that the goods were damaged and broken by the unskilful and negligent manner in which they were placed there. The exceptions are based solely upon the exclusion of evidence offered by the plaintiff.

The judge found that the plaintiff had not sustained the burden of proving that the defendants or either of them wrongfully took or converted the plaintiff's property; that although the defendant Laffan, as agent of the defendant

---

Moore, did remove the plaintiff's property from the apartment, he placed it in a proper storage warehouse for the benefit of the plaintiff; that he was not negligent in the handling or storage thereof; that the property was not damaged or lost; and that the plaintiff suffered no injury.

The bill of exceptions states as facts that, prior to June 11, 1935, the plaintiff had occupied the premises at a rental of $10 per month; that at that time the property was sold to a coöperative bank; that the bank never gave the plaintiff notice to vacate; that the property was deeded by the bank to the defendant Moore by deed dated August 8, 1935, and recorded September 10, 1935; and that the first knowledge the plaintiff had of this defendant having acquired the property was when the plaintiff received on October 1 a notice from this defendant "to make arrangements before October 2, 1935, to vacate the premises." The date of the removal of the plaintiff's goods does not appear, except from the allegation in the second count of the declaration and from the fact that the writ was dated October 15, 1935.

The plaintiff called as a witness an attorney at law, who testified that she had been the plaintiff's attorney. The plaintiff then offered to show through this witness statements, made to her shortly after the bank acquired title, by the treasurer of the bank, who had charge of its real estate, and who had died before the trial, to the effect that the plaintiff could remain on the premises at the same rental of $10 a month. This evidence was excluded. At the trial and in her brief before us the plaintiff contended that the evidence was competent as the declarations of a deceased person under the statute, and that it was material to the issues in order to show that the plaintiff became a tenant at will of the bank, as, in that event, by reason of G. L. (Ter. Ed.) c. 186, § 13, she could not be "dispossessed" after the termination of her tenancy by the deed to the defendant Moore until after the expiration of a period equal to the rent period from the time she received notice in writing of the termination. It is argued that this evidence had a bearing upon the lawfulness of the removal of

the plaintiff's goods and hence upon the issues of conversion and trespass.

At the trial the evidence was offered by counsel for the plaintiff and discussed at length between him and the judge wholly on the footing that it was admissible, if admissible at all, under the statute as constituting declarations of a deceased person "made in good faith before the commencement of the action and upon the personal knowledge of the declarant." G. L. (Ter. Ed.) c. 233, § 65. The judge conducted a preliminary hearing to determine whether the evidence met the requirements of the statute and then excluded it without stating his reasons. No suggestion was made at the trial, and none has been made to us, that these declarations were admissible apart from the statute and without satisfying the conditions precedent laid down by the statute. The judge could deal with this evidence on the ground on which it was offered. *Hathaway* v. *Tinkham*, 148 Mass. 85, 87. *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417, 422, and cases cited. The burden of satisfying the conditions rested upon the plaintiff. *Carroll* v. *Boston Elevated Railway*, 210 Mass. 500, 502. For all that appears the judge may have excluded these declarations because he was not convinced that the conditions were satisfied. Recent decisions make it plain that the action of a judge in excluding evidence offered under the statute cannot be disturbed unless the record shows error of law in reference to the preliminary inquiry. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 106–107. *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417, 420–421. See *Dexter* v. *Thayer*, 189 Mass. 114, and cases cited; *Commonwealth* v. *Russ*, 232 Mass. 58, 69. No such error is shown on this record.

Even if the record had disclosed error in rejecting the proffered evidence, it is difficult to see how the error would have been harmful to the plaintiff. If the plaintiff received no notice until October 1, it would seem to be immaterial whether she had been a tenant at sufferance continuously since her original tenancy was terminated by the sale to the bank in June or only since the termination of a later

tenancy by the sale to the defendant Moore in August. In either case any rights she may have had based upon the absence of the notice required by G. L. (Ter. Ed.) c. 186, § 13, would remain unaffected.

No reversible error appears.

*Exceptions overruled.*