Agnes, A.J.
BACKGROUND
This is a civil action in which the plaintiffs decedent alleges that the defendant Salem Hospital and its Director of Housekeeping Services were negligent in creating or in failing to correct a dangerous condition on the floor of a main corridor in the hospital where the decedent fell on her way to a scheduled medical appointment. The fall took place on September 3, 1993. The decedent’s husband was with her at the time of the fall, but walking just ahead of her. He did not see her fall and did not make observations of the condition of the hospital floor at the time.[1] The plaintiff alleges that the decedent suffered a pelvic fracture and was hospitalized for about one week. It is further alleged that she was fully disabled for a period of about five months. At the time, the decedent was 71 years old. She passed away as a result of other causes on November 2, 1999. The case is before the court for trial.
The parties seek two in limine rulings from the court relating to the admissibility of evidence. First, the plaintiff seeks to admit a statement reportedly made *10 by the decedent to her son shortly after her fall indicating that she slipped on water that was on the hospital floor. The plaintiff argues that the decedent's statement should be admitted as the declaration of a deceased person on grounds that the declarant’s statement was made in good faith and was based upon her personal knowledge.[2] See G.L.c. 233, §65. Second, the plaintiff seeks to admit the decedent’s answer to an interrogatory signed on March 15, 1997 in which she states that she slipped on water while walking in the hospital on the day in question. See G.L.c. 233, §65A. The defendants urge that the decedent’s alleged statement to her son and her answer to the interrogatory should be excluded because neither was made “upon the personal knowledge of the deceased” as required by both G.L.c. 233, §65 and §65A. The parties have stipulated that at the time the decedent’s answer to the defendants’ interrogatory was made, she was in nursing home suffering from a progressive form of dementia which began in 1995, and that she was not competent.[3] Furthermore, the plaintiff admits that the decedent’s husband and her son “helped” her answer the interrogatories in 1997.
DISCUSSION
I. Admissibility of Decedent’s Statement Made to Her Son
G.L.c. 233, 65 provides that in any civil action “a declaration of a deceased person shall not be inadmissible in evidence as hearsay ... if the court finds that it was made in good faith and upon the personal knowledge of the declarant.” In order for a statement to be admitted under §65, the court must make a “preliminary finding of the facts essential to admission.” Old Colony Trust Co. v. Shaw, 348 Mass. 212, 216 (1964). See also Commonwealth v. Reagan, 175 Mass. 335, 339-40 (1900). In making this determination, the court is permitted to consider not only the alleged statement itself, but evidence that is extrinsic to the statement such as the circumstances surrounding the making of the statement. Old Colony, supra at 216-17. This is not a determination that may be left to the jury. Reagan, supra at 339-40. See also Commonwealth v. Bishop, 165 Mass. 148, 152 (1896).[4] Also, a mere “perfunctory determination of the preliminary issues of fact” does not satisfy the court’s gatekeeping responsibility. Hasey v. City of Boston, 228 Mass. 516, 518(1917). If the requisite preliminary finding is made, the effect of the statute is simply to overcome the objection that the statement is not admissible on grounds that it is hearsay. “If on any other ground the evidence offered is objectionable, the statute does not render it admissible.” Id. at 217-18.[5]
In addition to the explicit requirement in §65 that as a condition of admissibility the court find as a preliminary fact that the decedent’s statement was made in good faith and was based on the decedent’s personal knowledge, there is an even more fundamental requirement that the statement must be shown to have been made. Slotofski v. Boston Elevated Railway, 215 Mass. 318, 321 (1913). In Slotofski, the decedent suffered a serious brain injury when he fell while riding as a passenger on a railway car. Witnesses testified that he was insensible immediately after the fall but regained consciousness for a time until his death forty-eight hours later. At trial, the decedent’s estate sought to admit into evidence statements reportedly made by the decedent to his son and daughter following the accident to the effect that the conductor started the car as he was getting off. The trial judge conducted a voir dire and ruled that under an earlier version of §65 he was required to exclude the evidence because he did not believe “that a man whose brain had been the recipient of such a concussion could or did make such statements.” Id. at 320.[6] According to the Supreme Judicial Court, “where, as in the case at bar, the judge cannot find the existence of the alleged declaration, it is difficult to conceive how he can find good faith and the other requisites plainly required by statute. And we cannot say that he was not justified bj' the evidence in coming to the conclusion that the deceased was in such a mental state, in consequence of his injuries, as to be unable to make the alleged statement.” Id. at 321.
In the case at bar, the court heard testimony from Mr. John Hussey, the son of the decedent. The court also considered extrinsic evidence in the nature of deposition transcripts of the testimony of two nurses who rendered assistance to or spoke with the decedent moments after her fall. The court also considered the affidavit of Mr. Ernest Hussey, husband of the decedent. Based on a consideration of the credible evidence presented during the voir dire, the court is unable to make the preliminary finding that the decedent made a statement to her son about how or why she slipped and fell at the Salem Hospital on September 3, 1993 and thus the plaintiff has not sustained her burden of proof. Therefore, the testimony of John Hussey does not qualify for admission under G.L.c. 233, §65.
II. Admissibility of Decedent’s Answer to the Interrogatory
The plaintiff concedes that at the time of the decedent’s answer to the defendants’ interrogatory, the decedent was not competent. Nonetheless, plaintiff argues that the absence of a reference to “good faith” in G.L.c. 233, §65A, as contrasted with G.L.c. 233, §65, serves to relieve a party from the need to establish competency. The difference between the language in §65A as opposed to §65 is one without distinction. See Liacos, Brodin & Avery Handbook of Massachusetts Evidence §8.5.1 at 484 (7th ed. 1999) (“[slince the answers to the interrogatories have been obtained by the adverse party, §65A dispenses with the necessity of showing good faith”). Our rules of evidence do not permit a person who is not competent to testify at a trial. G.L.c. 233, §20. See Commonwealth v. Reagan, supra at 340. G.L.c. 233, §65A, like its
*11 counterpart in G.L.c. 233, §65, serves only to remove the hearsay objection from the admission of a decedent's answer to an interrogatory. Whether competency is viewed as a precondition to the admissibility of a decedent’s statement that is independent of G.L.c. 233, §65A, or whether the fact that a person is incompetent is viewed as conclusive evidence that her statement was not based on her personal knowledge, makes no difference. A statement made by a person who is not competent at the time and who later dies cannot be admitted into evidence under G.L.c. 233, §65 or §65A.
ORDER
For the above reasons, the motions in limine to exclude evidence consisting of statements reportedly made by the plaintiffs decedent in 1993 and 1997 are ALLOWED.

See, e.g., Affidavit of Ernest Hussey (January 26, 1998) which was received in evidence and marked exhibit one on the voir dire.

The declarant’s statement first appears in an affidavit by her son John Hussey which is dated January 4, 1999. In his affidavit, he indicates that during his visits to his mother in the hospital over five years earlier, she stated to him that “she was walking down a hospital corridor at the Salem Hospital on her way to a doctor’s appointment, when she slipped and fell on some water that was on the corridor floor.” Affidavit of John Hussey, para. 3 (Jan. 4, 1999).

In her signed answer, the decedent states that on the day in question, “[m]y husband and I got up, had breakfast and then got ready to go to a blood work appointment that I had at Salem Hospital . . . We entered Salem Hospital at the front lobby entrance. We turned left and walked down a corridor. We past (sic) a hospital office. As I was walking near the gift shop, I slipped and fell on some water that was on the corridor floor." In a deposition taken several months later on May 28, 1997, the decedent could not recall the year of the accident, what caused her to fall or any other details other than that she had fallen on her “tummy.”

In Bishop, Justice Holmes, writing for the Court, made this observation: “It is not argued that the defendant had a right to have the jury revise the finding of the judge. There is no doubt that the proper course is for the judge to pass upon the fact in the first instance. If the evidence is let in, our practice allows the party objecting to the evidence, who generally is the accused, to reargue to the jury the preliminary question, as well as the truth of the declaration. But the whole purpose of the preliminary action of the judge would be lost if in all cases the evidence had to be laid before the jury so as to give them the last word. If the evidence is excluded, that is an end of the matter unless some question of law is reserved.” Bishop, 165 Mass, at 152.

“In general, the Massachusetts Hearsay Statute making admissible the declarations of deceased persons does not remove any ground of objection except the rule against Hearsay, and the disqualifications attaching to proof of private conversations between husband and wife. The statute does not change the law on the test of competency of a witnesses (sic) or other basis for objection. If the declarant would have been an incompetent witness if available and called to testify, or if the declaration would have been excludable on grounds of competency, relevancy, privilege, materiality etc., the declaration is rendered no more admissible by force of the statute.” Young, Pollets, & Poreda, Evidence §804.6 at 243 (20 Mass. Practice 2d ed. 1998).

In Slotofski, the Supreme Judicial Court approved of the practice followed by the trial judge to hear the evidence on both sides outside the presence of the jury, and held that the trial judge’s ruling “is ordinarily conclusive unless it appears that the evidence was not sufficient to warrant the finding on which the court proceeded." Id., 215 Mass, at 320.