JEROME F. CROWLEY & another vs. EDWARD O'DONNELL & another.

Suffolk.     March 29, 1921. — May 26, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Evidence*, Declarations of deceased persons.  *Practice, Civil*, Exceptions.

An exception to the exclusion of a memorandum in the handwriting of a deceased person, made before the commencement of an action on trial which was offered in evidence under G. L. c. 233, § 65 must be overruled where there is nothing to show that the declaration was made in good faith and upon the personal knowledge of the declarant and there is no finding by the judge as required by statute that the excluded declaration was so made.

CONTRACT with a declaration in two counts, the first count being upon a parol agreement to recover a balance of $655 with interest, alleged to be due for labor and materials furnished in the construction of the Codman Square Theatre in Boston, and the second count being upon an account annexed to recover $150, alleged to be due for extra labor and materials furnished in the construction of the same building.   Writ in the Municipal Court of the City of Boston dated February 10, 1919.

The defendants filed a declaration in set-off, described in the opinion.

Upon removal to the Superior Court, the action was tried before *Morton*, J.   Material evidence, including evidence offered by the defendants and excluded by the judge subject to the defendants' exception, is described in the opinion.   The jury returned a verdict for the plaintiffs in the sum of $876.08; and the defendants alleged exceptions.

The case was submitted on briefs.

*W. J. Patron*, for the defendants.

*R. W. Light*, for the plaintiffs.

CARROLL, J.   The plaintiffs brought this action of contract to recover for labor and materials supplied the defendants.   The defendants filed a declaration in set-off, alleging that, on the plaintiffs' failure fully to perform the contract, they hired another

contractor to whom they paid the sum of $793, which sum they asked to set off against the plaintiffs' claim; the plaintiffs' contention was that the work for which the defendants claimed a set-off was no part of the plaintiffs' contract.

At the trial the defendants offered a letter written by the plaintiffs to the architect in charge of the construction of the building, dated May 16, 1918, showing that there was due for work done in April the sum of $2,000. On this letter, in the handwriting of Joseph McGinniss, the architect in charge, there appeared these words: "Deafening & felt & sticking ornamental to be deducted." The letter as written was read to the jury; on the plaintiffs' objection, the statement in the handwriting of the architect was excluded, to which ruling the defendants excepted. McGinniss died in September, 1918, before the date of the trial. As we construe the bill of exceptions, the statement excluded was offered as a declaration of a deceased person under the statute. R. L. c. 175, § 66 (now G. L. c. 233, § 65).

Assuming that the statement excluded was shown to be in the handwriting of the architect, was made before the commencement of the action, and was in rebuttal of the testimony given by the plaintiffs, there is nothing to show that it was made in good faith, upon his personal knowledge, and there is no finding by the judge, as required by statute, that the excluded declaration was so made. Until this was done, the evidence was inadmissible. *McSweeney* v. *Edison Electric Illuminating Co.* 228 Mass. 563, 564. *Hasey* v. *Boston*, 228 Mass. 516, and cases cited. There was no error of law in the conduct of the trial.

*Exceptions overruled.*