GEORGE P. DAVIS, administrator, *vs.* H. S. & M. W. SNYDER, INC.

Suffolk.   January 10, 1924. — April 7, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Payment.   Name.   Evidence,* Of intent, Relevancy and materiality.

A creditor named " Tockel," who resided in Moscow, Russia, instructed his debtor in Boston to place amounts due him in a bank in New York City and to advise him of the amounts so deposited.  The debtor sent the money to the bank by a check to be deposited to the credit of " Tockle, Moscow, Russia," and advised the creditor that he had done so.  In an action by the creditor against the debtor for the amount of the debt, it was *held,* that

(1) The facts above recited establish payment by the debtor to the creditor;

(2) The fact, that in his letter of transmission to the bank the debtor spelled the creditor's name " Tockle," did not establish noncompliance with the creditor's order nor prevent such transmission from having its legal effect as a payment;

(3) The mere fact that the debtor transmitted the funds to the bank by check was immaterial, it appearing that the bank received the money before any objection or complaint was made;

(4) The fact, that in a letter to the bank the debtor stated that it sent the check covering commission of " Tockle, Moscow, Russia. Kindly hold same in his name, to his order, or to our order until further notice, unless you have received direct notice from Mr. Tockle himself," did not as a matter of law indicate an intention to maintain dominion or ownership in the debtor, but rather an indifference to the way in which the bank chose to deal with the amount for the creditor; but the intent of the debtor in writing such letter was material and might be shown by testimony of the writer, although such testimony would be self-serving.

At the trial of the action above described, evidence tending to establish a confusion in the commercial relations of the parties due to the fact that the debtor in transmitting funds to the bank described the creditor as " Tockle, Moscow, Russia," instead of " Tockel, Moscow, Russia," that the bank did not notice the similarity of the names, and did not place the fund to an account of " Tockel, Moscow, Russia," that it had in the bank, and correspondence and cablegrams resulting therefrom, were not admissible.

CONTRACT upon an account annexed for commissions, the suit originally having been brought by M. A. Tockel and afterwards, upon suggestion of the plaintiff's death and amendment of the writ, prosecuted by the administrator of his estate. Writ dated February 1, 1922.

In the Superior Court, the facts were agreed upon. In substance they were as follows: The plaintiff's intestate, Tockel, (called the plaintiff in the agreed statement of facts) was a resident of Russia and an agent of the defendant, which had a usual place of business in Boston. The agreed statement of facts recites: " On June 19, 1917, there was due from the defendant to the plaintiff the sum of $3,602.32 for the commissions, and on July 14, 1917, there was due from the defendant to the plaintiff the further sum of $4,068.86 for commissions; each of said debts was payable at the National City Bank of New York in New York City." On June 6, 1917, the defendant cabled to the plaintiff at Moscow, " Shall we place commission National City or cable you the money advise." " National City " meant National City

Bank of New York at New York City.   The plaintiff replied on June 18, 1917, by cable, " Place commission National City New York advising me amount."   The defendant answered on June 19, 1917, " Have deposited 3602 dollars National City your commission," and on the same day sent by mail to that bank a check payable to the plaintiff's order for the amount of $3,602.32, accompanied by a letter which in substance stated that the check covered commission " due the defendant's selling agent Mr. M. A. Tockle of Moscow, Russia, and requested the bank to place said check to the account of said M. A. Tockle pursuant to cables copies of which appeared at the bottom of said letter. . . . The cables which so appeared at the bottom of said letter .were those dated June 18, 1917, and June 19, 1917."   The bank replied to the defendant, in substance, that it had no account with " M. A. Tockle and awaited defendant's further advices."   No reply to the bank's letter could be found.

Similar cablegrams were exchanged between the defendant and the plaintiff as to the commission falling due on July 14, and, as before, the defendant sent his check for the amount of $4,068.86 to the bank accompanied by a letter which was dated July 14, 1917, and read as follows: " We herewith enclose our check to your order for $4,068.68 covering commission for our agent Mr. M. A. Tockle, Moscow, Russia. Kindly hold same in his name, to his order, or to our order until further notice, unless you have received direct notice from Mr. Tockle himself. . . .

" P. S.   If he inquires whether payment has been made, you will kindly advise him to that effect.   Kindly refer to our letter of June 19th, the first cable at the bottom."

Accompanying the above letter was a statement of the account of the commission.   As before, the bank wrote to the plaintiff that it had no account with " M. A. Tockle, Moscow, Russia."

Paragraphs 19–45 of the agreed statement of facts narrate that the plaintiff had at that time an account with the bank under the name " M. A. Tockel, Moscow, Russia," and set forth cable correspondence among the various parties showing the confusion in their commercial relations which resulted

from the bank's not recognizing the account standing in the name of M. A. Tockel as belonging to the person designated by the defendant in its correspondence with the bank as M. A. Tockle. The defendant objected to the facts recited in these paragraphs as incompetent, irrelevant and immaterial, and excepted to their admission in evidence.

Paragraph 46 of the agreed statement of facts reads as follows: "The defendant's purpose in writing the letter of July 14, 1917, set out in paragraph #13, to the National City Bank of New York, was not to retain control of the deposit, but was to facilitate the recognition by the bank of plaintiff's right to the deposit when plaintiff should call for it."

The plaintiff objected to the facts set out in paragraph 46 as incompetent, irrelevant and immaterial, and excepted to their admission.

In the Superior Court, the action was submitted to *Morton,* J., without a jury, upon the agreed statement of facts, and at the request of the parties he reported it for determination by this court without making any decision thereon.

*E. F. McClennen,* for the plaintiff.

*J. E. Hannigan,* (*G. Alpert* with him,) for the defendant.

WAIT, J. The facts set out in the first eighteen paragraphs of the agreed statement show that the defendant (hereinafter called the debtor) owed the plaintiff's intestate (hereinafter called the creditor) commissions to the amount claimed; that it requested instructions in regard to the method of payment desired by the creditor; that it received instructions to place the amounts due in the National City Bank of New York (hereinafter called the bank) and to advise the creditor of the amounts deposited; that it did place the amounts with the bank, and did advise the creditor forthwith of the amounts.

The issues presented upon these pleadings are the existence of the indebtedness and of the payment. The indebtedness is admitted. We hold that the payment is proved. We do not decide whether or not any cause of action arose against the debtor in consequence of the other events described in the agreed statement of facts. We confine ourselves to the case set out in the pleadings.

The fact that the name of the creditor spelled " Tockel " in the declaration, was spelled " Tockle " and not " Tockel " in the correspondence with the bank does not defeat compliance with the creditor's order, or prevent that compliance from having its legal effect as a payment. It is perfectly clear that by " Tockle " the debtor intended to indicate the creditor. It is impossible not to believe that the minds of the debtor and of the bank met on the creditor, the person for whose benefit the payment to the bank was being made: " Tockle " or " Tockel " — that person was " our agent at Moscow, Russia."

" The orthography and pronunciation of proper names are arbitrary; and errors in spelling, if the sound is not changed, are never fatal." Morton, J., in *Colburn* v. *Bancroft*, 23 Pick. 57. To American ears " Tockle " and " Tockel " sound alike. Indeed on the records of the bank the spelling was used indifferently, as shown by paragraph 26 of the agreed statement.

The debtor placed the amounts due with the person indicated by the creditor and it advised the creditor it had done so. That was all the creditor then requested. When that was done, the debt was gone, — the debtor was released from the obligation to pay.

It is immaterial on the agreed facts that the transfer of the money to the bank was made by check. The bank in fact got the money before any objections or complaint was made. The cases cited by the plaintiff, *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 54, *Taylor* v. *Wilson*, 11 Met. 44, 51, *Small* v. *Franklin Mining Co.* 99 Mass. 277, do not apply here. The case resembles rather the cases of *Nineteenth Ward Bank* v. *First National Bank of South Weymouth*, 184 Mass. 49, and *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.* 242 Mass. 181. The bank's method of accounting does not concern the debtor. Nor was he concerned with the question, whether or not the creditor had an account at the bank, or whether the creditor had given instructions at the bank.

The debtor did not retain any control of the amount transmitted. The letter of July 14, 1917 (paragraph 13),

shows an intent to pay " our agent Mr. M. A. Tockle, Moscow, Russia." The words, " or to our order until further notice," do not indicate an intention to maintain dominion or ownership in the debtor, but rather an indifference to the way in which the bank chooses to deal with the amount for the creditor. The debtor regards it that " payment has been made," which is inconsistent with further dominion over the money.

The intent of the debtor in writing that letter was material. If it were written with an intent to maintain control over the amount transmitted, then, without regard to the words used to convey the intent to the bank and however they be construed, such intent would deprive the transfer of its effect as a payment. To constitute payment, the transfer of the money to the creditor or his appointee must be absolute, must leave the debtor without power to take back the money without some authority from the creditor. Where intent is a material fact, the person whose intent is in question may testify to the fact, even though such testimony is self-serving.

Where, however, evidence of the intent with which a document is written is sought to be introduced to qualify or affect the construction to be given to unambiguous language actually used in the document, there it is inadmissible. Paragraph 46 is admissible for the first purpose indicated. It is not admissible, and it has not been considered, for the second purpose.

In the view we take of the law, the facts set out in paragraphs 19 to 45, both inclusive, are irrelevant, immaterial and technically incompetent. In arriving at our conclusion, nevertheless, we have given them consideration.

*Judgment for the defendant.*