RALPH I. STITT, administrator, *vs.* MARION A. TRIBE & others.

Bristol.   October 29, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Findings by judge, Appeal.   *Evidence*, Relevancy, Declaration of deceased person.

Upon an appeal by a respondent from a decree of a probate court, ex-. ceptions saved by the respondent to rulings as to evidence relating only to issues as to which the judge found in favor of the respondent were not considered by this court, no new hearing being necessary since, on other issues, the judge's findings in favor of the petitioner were sustained and the decree was affirmed.

Upon an appeal from a decree of a probate court granting a petition by an administrator that the respondent deliver to the petitioner certain shares of stock on the ground that the intestate had delivered them to the respondent as a mere depository rather than as a donee, this court, after considering all the evidence, which was reported by a stenographer appointed under G. L. c. 215, § 18, as amended, did not disturb the judge's finding since it did not appear to be clearly wrong.

At the hearing of the petition above described, there were raised issues respecting the soundness of mind of the intestate at the time of the delivery of the certificates of the stock, whether he was unduly influenced to deliver, and whether he was subjected to duress and fraud, as well as to whether the delivery was to the respondent merely as a depository.   Testimony by an attorney at law respecting statements made to him by the intestate bearing on the issues of undue influence and mental capacity was offered.   The respondent objected and excepted generally to the testimony.   It was admitted without restriction.   The judge found against the petitioner on the question of undue influence and did not pass on the question of mental capacity. *Held* that

(1.) The exception being general and the evidence being admissible on issues before the court when it was admitted, the exception must be overruled;

(2) The admission of the testimony as to the statements without restriction imported a finding by the court of the preliminary facts, required as to evidence of statements of deceased persons, that they were made in good faith, before the commencement of the action, and on the personal knowledge of the declarant.

When the testimony of the attorney at law above described was admitted, there was an open question as to when the shares of stock had been assigned.   The respondent contended that the testimony was not admissible because it related to statements made by the

intestate after the assignment. *Held,* that the exception must be overruled because, when the testimony was admitted, the time of the assignment had not been determined and the statements had not been shown to have been irrelevant.

PETITION, filed in the Probate Court for the county of Bristol on March 7, 1929, by the administrator of the estate of Marion A. Stitt, praying that Marion A. Tribe be required to deliver to the petitioner certain shares of stock, alleged to be a part of the estate of the petitioner's intestate.

In the Probate Court, the petition was heard by *Hitch,* J., a stenographer having been appointed under the provisions of G. L. c. 215, § 18, as amended. Material evidence, exceptions by the respondent and findings and rulings by the trial judge are described in the opinion.

A decree for the petitioner was entered. The respondent appealed.

*D. R. Radovsky,* (*I. H. Simon* with him,) for the respondent Tribe.

*T. F. O'Brien,* for the petitioner.

WAIT, J. The respondent Tribe appeals from a decree of the Probate Court, which declared that certain certificates of stock, claimed to belong to her, were not a gift, but were assigned and delivered to her to hold for the benefit of the deceased assignor, and which ordered that they be transferred and delivered to the petitioner administrator. She contends that the court was in error in its findings of fact, and that certain evidence was admitted improperly. The petition alleged that the certificates were obtained by her fraud, duress and undue influence; that the assignor was incompetent mentally; and that it was not intended by the assignor that they should become her property, but that she should be merely a safe depository of them. After hearing, the judge found that there was no fraud, duress or undue influence. He did not pass finally on the question of mental capacity. The respondent has not been prejudiced by rulings upon evidence touching those allegations. We need not consider them.

No good purpose would be served by extended discussion

of the evidence. Upon such an appeal this court will consider the evidence and form its own conclusion; but it will not overthrow the findings of the judge who saw and heard the witnesses unless satisfied that he was clearly wrong. *Cook* v. *Mosher*, 243 Mass. 149, 152. *Howard* v. *Smith*, 249 Mass. 522. We have considered the evidence reported, and discover no error in the finding that the certificates in question were placed with Mrs. Tribe as a depository, and never became her absolute property. We treat the exceptions to the rulings on evidence other than to the admission of testimony of W. S. Downey, Esquire, and of the unsigned document connected therewith as waived. There was nothing in them, and they properly were not argued in her brief.

The document and portions of the testimony of W. S. Downey, Esquire, excepted to were admitted properly. They were competent on the issues then before the court of undue influence and of mental capacity of the deceased. No request to confine the application was made. The objection was general, and if the evidence was competent on any ground, an exception to its admission cannot be sustained. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352. As statements of a deceased person, they were admissible under G. L. c. 233, § 65. Their admission without restriction imports a finding by the court of the preliminary facts that they were made in good faith, before the commencement of the action, and of the personal knowledge of the declarant. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 404 and cases cited. The intent of the assignor was material. Her statements and actions at any time were competent. *Powell* v. *Powell*, 260 Mass. 505, 509. See *Davis* v. *H. S. & M. W. Snyder, Inc.* 248 Mass. 387, 392. Even if statements made subsequent to the assignments could be held to be incompetent, when this evidence was admitted, it was an open question whether the assignment had been made before the statements. The petitioner contends that the assignments were later in time. The finding did not render it inadmissible. We find no error.

*Decree affirmed with costs.*