DAY TRUST COMPANY, administrator, *vs.* MALDEN SAVINGS BANK & others.

Middlesex.    January 8, 1952. — April 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Trust,* Express trust: what constitutes; Of personal property.    *Gift.* *Probate Court,* Decree, Appeal, Costs.

A decree entered on a petition in equity in a Probate Court and a separate decree subsequently entered on a counterclaim were each so far final as to form the basis of an appeal to this court.

A conclusion that a trust of a savings bank account had not been established was justified by evidence that the owner of the account, retaining control thereof, voluntarily had the account changed into her name "trustee for" another without notice to or knowledge by the purported cestui of such change.

A paper, not a testamentary instrument, in which a woman directed her executor to give certain articles to one employed by her as a companion and nurse, together with evidence of certain declarations by the woman, showed at most an intention on her part to make a gift of the articles and did not justify a finding that there had been a gift of them or that a trust thereof for the employee had been created.

Failure by a Probate Court to award costs or counsel fees to a respondent in an equity proceeding upon dismissal of his counterclaim seeking to establish title to certain property as against the administrator of a decedent's estate disclosed no error.

Upon affirmance of decrees of a Probate Court separately entered on a petition in equity and on a counterclaim, this court directed that the decrees be consolidated in a single decree after rescript.

PETITION, filed in the Probate Court for the county of Middlesex on July 11, 1950.

The case was heard by *Monahan*, J.

*C. R. Rosdahl*, for the respondent Kelliher, administrator.

*T. Chase*, for the petitioner.

WILLIAMS, J. This is a petition by Day Trust Company, administrator with the will annexed of the estate of one Georgina B. West, for a declaration of right as to the ownership of two savings bank books of Malden Savings Bank and the deposits represented thereby, which books are now in the possession of the petitioner as administrator. The respondents are Malden Savings Bank, The First Parish in Malden Universalist, Catherine A. West, and Yvonne Bruyninckx for whom, by reason of her death, Walter J. Kelliher, administrator of her estate, has been substituted. All the respondents other than Malden Savings Bank, against whom the petition has been taken for confessed, have filed answers, and the respondent Kelliher has filed a counterclaim in which he seeks a declaration as to his title as administrator to certain enumerated articles of personal property and asks for counsel fees and costs. After hearing, a decree was entered on February 1, 1951, declaring that one of the bank accounts numbered 194,332 is the property of the estate of Georgina B. West and that the other bank account numbered 67,350 is the property of the estate of Yvonne Bruyninckx. No reference was made in the decree to the counterclaim. On the counterclaim itself, however, there is an indorsement as of April 4, 1951, "After hearing the within counterclaim is hereby dismissed." This indorsement is the equivalent of a decree and is to be treated as such. The respondent administrator filed a claim of appeal from the first decree on February 19, 1951, and another claim of appeal from the second decree on April 18, 1951. A bill and a counterclaim are different causes of suit

combined in one case and ordinarily a decree disposing of one of them is not a final decree. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55. *Bordonaro* v. *Vandenkerckhaven,* 322 Mass. 278, 281. We think, however, that each of these decrees is to be considered final in the sense that it forms a proper basis for an appeal. See *Check* v. *Kaplan,* 280 Mass. 170, 176; *Kingsley* v. *Fall River,* 280 Mass. 395. G. L. (Ter. Ed.) c. 214, § 19. The judge of the Probate Court has made no findings of fact but has reported the evidence.

There was no error in the decree establishing the ownership of the two bank accounts. Account numbered 194,332 was formerly an account in the bank standing in the joint names of Georgina B. West and her husband, Alonzo A. West, to the sole ownership of which Georgina succeeded on the death of her husband in May, 1937. On May 13, 1938, the account was closed and Georgina opened a new account in the name of herself as trustee for Catherine A. West, one of the respondents. On December 15, 1944, Georgina changed the account into her name as "Trustee for First Parish in Malden, Universalist, Georgina B. West Fund." On November 7, 1947, Georgina changed the account into her name as "Trustee for Yvonne Bruyninckx." There was no evidence sufficient to justify a finding that notice of the establishment of the account under this last designation was given to Yvonne or that she knew of the account.

As to the account numbered 67,350, it was established as a joint account with right of survivorship on December 15, 1948, in the names of Georgina and Yvonne. Yvonne was not only told of it but signed the required signature slip and an order for the payment of dividends. No appeal has been taken from so much of the decree as establishes the title of the respondent administrator to this account, and it is referred to here only as showing that Yvonne benefited by the act of Georgina to the extent of the $9,292.50 which was in the account.

It is settled that to prove the creation of a valid trust, such as is contended by the respondent administrator to

have been created in respect to account numbered 194,332, there must be notice to the cestui or to some person in his behalf and at least an implied acceptance by the cestui. *O'Hara* v. *O'Hara,* 291 Mass. 75, 78. *Greeley* v. *Flynn,* 310 Mass. 23, 27. See *Rock* v. *Rock,* 309 Mass. 44. The prior dealings of Georgina with this account show an intention on her part to retain control of the account as her own. While retaining physical control of the bank book and the account she voluntarily and without previous legal obligation declared herself in an informal manner trustee for the benefit of the claimant. See *Aronian* v. *Asadoorian,* 315 Mass. 274, 277. The judge was justified in finding that no trust for the benefit of Yvonne had thereby been created.

In the counterclaim, as above stated, a declaration is sought as to the ownership of certain articles of personal property which are therein described. These articles were listed in a certain paper which was admitted in evidence signed by Georgina and dated April 1, 1949, entitled, "Instructions and directions to Mr. Louis E. Boutwell, Executor of my 'Will.'" In that paper Mr. Boutwell, who has since died, is directed to give the articles described to Yvonne. This writing was not witnessed, nor was reference made to it in Georgina's will. The paper was therefore void as a testamentary instrument. *Curley* v. *Lynch,* 206 Mass. 289. *Taft* v. *Stearns,* 234 Mass. 273, 278. See *Thayer* v. *Wellington,* 9 Allen, 283, 291; *Newton* v. *Seaman's Friend Society,* 130 Mass. 91.

It seems clear from this writing that Georgina intended that the articles described should be given to Yvonne, but the evidence of that paper and certain alleged declarations of Georgina which were excluded subject to exception are insufficient to show that a trust of these articles was created. The most that the evidence, including that which was admitted and that which was excluded, shows was a present intention to make a gift. Yvonne was employed by Georgina as a companion and nurse. She received a salary of $130 a month and from time to time gifts or bonuses of $50 or $100. The evidence which was excluded was of alleged declarations

of Yvonne that Georgina on one or more occasions had told her that she would not lose by entering and continuing in her employ but on the contrary would gain thereby and that Georgina would take care of Yvonne. The exclusion of these declarations, being those of a deceased person, may be supported on the ground that the judge was not asked to make and apparently did not make the necessary findings preliminary to the admission of these declarations. See *Crowley* v. *O'Donnell*, 238 Mass. 475, 476; *Rothwell* v. *First National Bank*, 286 Mass. 417, 420–421. Compare *Tenney* v. *Foss*, 268 Mass. 69. But if otherwise admissible we think the claimant was not harmed by their exclusion. The alleged declarations simply indicated a general intention that Yvonne should in the future benefit by reason of her employment. This intention was clearly indicated by the paper to which we have referred. In fact, Yvonne received the bank account of more than $9,000 and under Georgina's will legacies of $5,000 and of certain furniture and furnishings together with a right of burial in the West family lot. The excluded evidence would not have justified a finding that at any time title to the articles mentioned in the counterclaim ever vested in Yvonne or was held in trust for her. It is to be noted that in the counterclaim it is sought not to recover for services rendered, but to have declared the title to specific articles of personal property. There was no error in its dismissal.

There remains for consideration the matter of counsel fees and costs which were prayed for in the counterclaim. Such fees and costs may in appropriate instances be awarded under G. L. (Ter. Ed.) c. 215, § 45, or § 39A, inserted by St. 1947, c. 536, as amended by St. 1951, c. 80. We see no evidence of abuse of discretion by the judge. The decrees of the Probate Court are affirmed but should be consolidated in a single decree after rescript. It is directed that such decree shall be entered without an award for costs or counsel fees to the respondent administrator. G. L. (Ter. Ed.) c. 215, § 39B, inserted by St. 1951, c. 312.

*So ordered.*