BARBARA BERGER *vs.* ISABEL K. BERGER.

Middlesex.    November 8, 1955. — February 6, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Trust,* What constitutes, Of personal property.    *Gift.    Evidence,* Admitted de bene, Hearsay, Competency, Of intent.    *Equity Pleading and Practice,* Master: exceptions to report; Rehearing.

In the absence of the evidence heard by a master, exceptions to his report on the ground that a finding made by him was unwarranted and on the ground that he had failed to find a certain fact were properly overruled. [543]

Evidence admitted de bene is proper for consideration by the trier of facts if no motion is made to strike it out. [543]

In a suit in equity by a daughter against her mother involving the issue whether the defendant had effectively established a trust of a bank account opened by the defendant as "trustee for" the plaintiff, testimony by the defendant's former husband, that in a conversation with the plaintiff's attorney concerning a separation agreement with the defendant he told the attorney "about that money and that . . . [the defendant] was trustee for" the plaintiff and that the attorney said "it was . . . [the plaintiff's] money and . . . had nothing to do with the [separation] agreement," was inadmissible. [543]

On the issue whether a woman had effectively established a trust for her daughter of a coöperative bank account opened in the woman's name as "trustee for" the daughter, it was error to exclude proffered testimony by the woman that she opened the account in that form because

she had put the maximum amount allowed in another account simultaneously opened in her own name, that she had no intention of "imposing on" herself "any enforceable duties" respecting the account in question, that she intended to reserve the right to withdraw any or all the money from that account, and that she did not intend "to make a complete and final gift of" that account or any interest therein. [544-545]

In view of errors by a master in the admission and exclusion of evidence, the subject of exceptions to his report, an interlocutory decree overruling the exceptions and confirming the report and the final decree were reversed and the suit was remanded to the trial court for rehearing by the same or another master or by the court. [545]

BILL IN EQUITY, filed in the Superior Court on July 5, 1951.

The suit was heard by *Cahill, J.*, on a master's report.

*Morris Michelson*, for the defendant.

*Joseph F. Coughlin*, for the plaintiff.

WILLIAMS, J. This is a suit for an accounting by the defendant as trustee for the benefit of the plaintiff of an account in the Merchants Co-operative Bank in Boston. The case was referred to a master under a rule to hear the parties, find the facts, and report his findings with such questions of law as any party might request. It is before us on the defendant's appeals from the denial of her motion to recommit, from an interlocutory decree overruling her exceptions to and confirming the report, and from a final decree which established the defendant's indebtedness and ordered her to pay the amount of such indebtedness to the plaintiff with interest.

The findings of the master were in part as follows: The defendant and her husband, Samuel L. Berger, having no children, adopted the plaintiff as a baby in January, 1926. In April of that year the defendant subscribed for forty shares in the Merchants Co-operative Bank in her own name and for ten shares in the same bank in her name as "trustee for Barbara Berger." The account opened in her own name was numbered 36878 and the account in her name as trustee 36879. The defendant made the initial payment on the shares for Barbara from her own funds and thereafter, until 1932, made the required monthly payments of $10 from a joint checking account which she maintained with her hus-

band. When this checking account was closed on April 5, 1932, she withdrew $690 from account 36879 and with the money opened a checking account in her own name in the Newton Trust Company. She continued to maintain account 36879 and subscribed as trustee for twenty additional shares. Until 1938 she made payments on the shares from her personal funds or from a new joint checking account which she had opened with her husband in 1933. On August 20, 1942, the sum of $2,200 was withdrawn from account 36879 and used by her husband in his business. The amount of this withdrawal was replaced about two months later. The bank shares in account 36879 matured in November, 1945, and on November 29 the defendant received a check in the amount of $4,000 from the bank which she deposited in her personal checking account in the Norfolk County Trust Company. Other findings, which it is unnecessary to recite in detail, related to the manner in which the defendant dealt with accounts similar to that in the case of Barbara which the defendant had opened in her own name as trustee for two children who were born to her after Barbara was adopted.

In conclusion the master found that it was the intention of the defendant and her husband, from whom, incidentally, she is now divorced, to create a trust for the plaintiff; that they established a trust for her; that the plaintiff had notice of the existence of this trust; that she impliedly accepted the same; that she made a demand on the defendant for the moneys in the account prior to the withdrawal of November 29, 1945; that this withdrawal was without the knowledge and consent of the plaintiff; and that it constituted a misappropriation for which no accounting has been made. He also found that the plaintiff was not guilty of laches and stated that "I find for the plaintiff in the sum of $4,000, together with interest thereon from November 29, 1945."

There are appended to the report fifteen objections of the defendant which under Rule 90 of the Superior Court (1954) are deemed to be exceptions. Also included in the report, on request of the defendant, is a summary by the master of

the evidence which relates to his rulings upon the admissibility of evidence.

Exception 1 was to the finding that the plaintiff made a demand upon the defendant, on the ground that there was no evidence to support it, and exception 2 to the failure to find that the notice to the plaintiff of the existence of the trust was obtained from a person other than the defendant. There being no general report of the evidence these exceptions were properly overruled. *Minot* v. *Minot,* 319 Mass. 253, 259. Exceptions 3 and 4 were to the findings that the defendant misappropriated $4,000 and was liable to account to the plaintiff for this sum with interest, the stated reason being that matters of law were involved upon which the master had no authority to rule. If there were errors in overruling these exceptions they become of no consequence in view of the disposal which is to be made of the case. Exceptions 5 and 6 were to the admission of certain testimony of Berger, the defendant's former husband. It was admitted de bene and, no motion having been made to strike it out, was evidence proper for consideration by the master. *Haskell* v. *Cunningham,* 221 Mass. 49, 53. *Alden Bros. Co.* v. *Dunn,* 264 Mass. 355, 362. Exception 7 related to the admission of other testimony by the same witness. He was asked on redirect examination by the plaintiff to state the talk he had with the plaintiff's attorney in reference to a separation agreement with the defendant and was allowed to testify, "I told you about that money and that Mrs. Berger was trustee for Barbara and asked you what should be done about it. You said that it was Barbara's money and that it had nothing to do with the agreement I made with Mrs. Berger." The conversation was plainly inadmissible and the exception should have been sustained. Exceptions 8 and 9 were rightly overruled and require no discussion. Exceptions 10, 11, 12, and 13 concerned the exclusion of evidence bearing upon the intent of the defendant in opening account 36879 and may be considered together. Exception 10 was to the exclusion of a question propounded on examination of the defendant by her coun-

sel as to the circumstances under which she opened the account as trustee for Barbara. He offered to prove that when she opened her personal account 36878 she told the girl at the bank that she had more money to deposit and was told by the girl that, forty shares being all that the law permitted her to have in her own name, she could open an account as trustee for her child; so she opened account 36879 in that form. Exceptions 11, 12, and 13 were to the exclusion respectively of the following questions also asked of the defendant by her counsel, supplemented by his statement of her expected answers: "Did you have at the time you opened the account in question any intention of imposing on yourself any enforceable duties with respect to the account?" Expected answer "No." "At the time you opened the account in question did you intend to reserve the right to withdraw any or all of the money at any time?" Expected answer "Yes." "Did you intend to make a complete and final gift of the account or any interest in the account?" Expected answer "No."

The offered testimony related to facts concerning which the defendant was competent to give evidence (*Davis* v. *H. S. & M. W. Snyder, Inc.* 248 Mass. 387, 392; *Powell* v. *Powell*, 260 Mass. 505, 509) and if believed might have been the decisive factor in determining whether a trust for the plaintiff had been established. While an express trust in personal property may be created and proved by parol, it is settled that where the alleged trust is an informal and voluntary one, there must be something more than the mere declaration that one is trustee for another. Proof of intent to create a trust is necessary, and the law of the Commonwealth "requires notice to the cestui or to some person in his behalf, and at least implied acceptance by the cestui, in order to perfect . . . [its] creation." *O'Hara* v. *O'Hara*, 291 Mass. 75, 78. *Greeley* v. *Flynn*, 310 Mass. 23, 27. *Day Trust Co.* v. *Malden Savings Bank*, 328 Mass. 576, 578–579. The notice to the beneficiary is regarded as "necessary proof of the finality of the alleged settlor's action." *Aronian* v. *Asadoorian*, 315 Mass. 274, 277. As the offered testimony

tended to prove that in declaring herself as trustee the defendant did not intend to create a genuine present interest in Barbara it was error to overrule these exceptions to its exclusion. The remaining exceptions, 14 and 15, were properly overruled.

We do not pause to consider whether there was error in the denial of the defendant's motion to recommit. In view of the errors in the admission and exclusion of evidence to which we have referred, there must be a rehearing of the case either by the same or another master or by the court. At such hearing findings should be made, if the evidence permits, relating to the matters which were the subject of exceptions 1 and 2, namely, the manner in which the plaintiff received notice of the alleged trust and the nature of any demand made by her upon the defendant.

The interlocutory and final decrees are reversed and the case is remanded to the Superior Court for a rehearing in conformity with this opinion. See *Bendslev* v. *Commissioner of Public Safety,* 331 Mass. 261, 267.

*So ordered.*