JAMES J. REAGAN, executor, *vs.* FRANCES PHILLIPS & another.

Middlesex.    January 10, 1963. — February 4, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Trust*, What constitutes, Of personal property, Of savings bank account. *Gift.*

Evidence that a depositor in a savings bank whose account was in the maximum amount allowable under G. L. c. 168, § 21, was advised to make a new deposit by naming himself as trustee and accordingly opened a new account as trustee for his niece, that he added money to and withdrew it from the new account, and that the niece "never knew about the account" warranted findings that no trust of the new account was established and that there was no present completed gift of any interest in it to the niece.

PETITION filed in the Probate Court for the county of Middlesex on January 24, 1961.

The case was heard by *McMenimen*, J.

*Bradbury Gilbert* (*A. Leavitt Taylor* with him) for the respondent Frances Phillips.

*Charles A. Watson* (*James J. Reagan* with him) for the petitioner.

Reagan *v.* Phillips.

SPIEGEL, J.   This is a petition in equity to determine the ownership of a savings bank account in the East Cambridge Savings Bank standing in the name of John J. Flavin, trustee for Frances Phillips.   The petitioner is the executor of the will of the depositor, John J. Flavin.   The respondent Frances Phillips has appealed from a decree by a judge of the Probate Court that the ''bank account is the property of the estate.''   The evidence is reported.

The judge made a report of material facts, the more pertinent of which follow.   The testator died on November 5, 1960, at the age of eighty years leaving two nieces as his only heirs at law, one of whom is Frances Phillips.   The testator left legacies of $5,000 to each of them.   In 1955, prior to the execution of his will, the testator ''informed the executor that the trust account was his [the testator's] property''; that he opened it on April 17, 1946, at which time he was advised by a teller at the bank that since he already had an individual account there for the maximum amount allowable under G. L. c. 168, § 21,[1] the bank could not accept the new deposit but that a ''better way to make the deposit'' would be to name himself as trustee.   He later made other deposits to and withdrawals from this account.   Frances Phillips ''never knew about the account, never had the pass book in her possession and never heard of the trustee account until the executor showed it to her.''   The judge found ''that there was no valid inter vivos trust established, nor that any interest or benefit was conferred or bestowed at the time of the creation of the trustee account that would take effect on the demise of the testator.''

''It is so common for an owner of personalty to put the apparent title in his own name as trustee for another who furnishes no consideration, without any intent to create a

---

[1] This section, as amended through St. 1959, c. 177, § 1, reads in part: ''Such corporation may receive on deposit from any person for his own account or for the accounts of one or more distinct estates or trusts, not more than ten thousand dollars for each account; and may allow interest on such deposits, and upon the interest accumulated thereon, until the principal, with the accrued interest, amounts to twenty thousand dollars, and thereafter upon no greater amount than twenty thousand dollars.''   On April 17, 1946, the respective figures were $4,000 and $8,000.   St. 1945, c. 97.

genuine present interest in that other, or to surrender any part of his own dominion over the property, that the law is skeptical of the reality of a trust so declared." *O'Hara* v. *O'Hara,* 291 Mass. 75, 77. A finding that no trust existed has often followed the disclosure that the reason the depositor put the account in the presently questioned form was to avoid a law limiting the size of such accounts. *Brabrook* v. *Boston Five Cents Sav. Bank,* 104 Mass. 228, 232. *Cleveland* v. *Hampden Sav. Bank,* 182 Mass. 110, 112. *Robertson* v. *Parker,* 287 Mass. 351, 354. As recently as *Berger* v. *Berger,* 333 Mass. 540, 544, we held that where the intent to create a trust in a savings bank account is in issue, it was error to exclude proffered testimony that the depositor was told by a bank employee that she had already subscribed to the limit allowed by law but that she could open an account as trustee for another. See 1956 Ann. Surv. Mass. Law, § 2.4.

Frances Phillips's position appears to be that it "seems clear" from the report of material facts that the judge "relied to a great extent" on certain evidence rather than on other evidence and "that under all the evidence the judge should have held that an enforceable trust had been created." All questions of law, fact, and discretion are open for review in this case and we may make findings in addition to those made by the judge, but we do not disturb his findings unless they are plainly wrong. *Farrell* v. *Branconmier,* 337 Mass. 366, 367. A review of the reported evidence convinces us that the judge was right.

*Decree affirmed.*