ROCHESTER CAPITAL LEASING CORPORATION *vs.* JOHN FINNERTY & another. [1] April 30, 1969.   The jury returned verdicts against the defendants Finnerty, husband and wife, who were, respectively, president and clerk of Tri-State Corporation, the lessee of laundry equipment from the plaintiff.   The action was in contract on a guaranty signed by the Finnertys in December, 1962, contemporaneously with the execution of the lease.   There was no error in the denial of Mildred Finnerty's motion for a directed verdict, in the rulings on evidence or in the denial of the motions for a new trial.   The subsidiary findings of the auditor were mutually consistent and supported the ultimate findings for the plaintiff.   The report alone was sufficient to take the case to the jury. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566.   The judge ruled that the place of Mildred Finnerty's signature on the guaranty made it ambiguous.   He properly excluded on direct examination her offered testimony to show her intent "a couple of days" before the signing and her physical condition on the day of the signing.   See *Commonwealth* v. *Trefethen,* 157 Mass. 180, 184–

---

[1] Mildred Finnerty.

187. Neither offer was pertinent to her actual intent at the time of the signing. He correctly permitted her to testify that when she signed she had an intent and that her intent was to "sign for the corporation." *Davis v. H. S. & M. W. Snyder, Inc.* 248 Mass. 387, 392. There was no exception to the charge. There was no abuse of discretion in denying the motions for a new trial.

*Exceptions overruled.*

*Maurice H. Kramer,* for the defendants, submitted a brief.
*Burton S. Friedman* for the plaintiff.